UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

| | |
|---|---|
| EBONY MEDIA GROUP, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No.: 3:26-CV-399-CRS |
| ) | Judge:Charles R. Simpson, III |
| MOWALOLA LTD ) | Magistrate Judge:_____ |
| Serve: CC Young & Co., ) | |
| 3rd Floor, The Bloomsbury Building ) | |
| 10 Bloomsbury Way ) | |
| Holburn, London, England WC1A 2SL ) | |
| ) | |
| -and- ) | **JURY TRIAL DEMANDED** |
| ) | |
| MOWALOLAOLUWA OGUNLESI ) | |
| Serve: CC Young & Co., ) | |
| 3rd Floor, The Bloomsbury Building ) | |
| 10 Bloomsbury Way ) | |
| Holburn, London, England WC1A 2SL ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Plaintiff, EBONY Media Group, LLC ("Plaintiff"), by and through its counsel, for its Complaint against Defendants, Mowalola Ltd ("Mowalola") and Mowalolaoluwa Ogunlesi ("Ogunlesi") (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiff's federally-registered trademark EBONY under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of infringement and unfair competition under the statutory and common laws of the Commonwealth of Kentucky, all arising from the Defendants' unauthorized use of the mark EBONY in connection with the marketing, advertising, promotion, offering for

sale, and/or sale of Defendants' merchandise, including but not limited to, clothing, footwear, tote bags, cell phone cases, and other accessories.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because the claims arising under the laws of the Commonwealth of Kentucky are so related to the federal claims alleged herein that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants directly target business activities toward consumers in the United States, including the Commonwealth of Kentucky, through their operation of a fully interactive, commercial internet store (www.mowalola.com). Specifically, the Defendants directly reach out to do business with Kentucky residents by operating or assisting in the operation of a commercial, interactive e-commerce store that sells products bearing infringing uses of Plaintiff's EBONY mark directly to consumers within the United States, including the Commonwealth of Kentucky.  Each Defendant is committing tortious acts in Kentucky, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the Commonwealth of Kentucky.

## PARTIES

5.      Plaintiff is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Louisville, Kentucky, and with its principal address at 3309 Collins Lane, Louisville, Kentucky 40245.

6.      Upon information and belief, Defendant Ogunlesi is an individual who resides in London, England. Upon information and belief, Defendant is a citizen of England. Upon information and belief, Defendant Ogunlesi is the sole shareholder or member and sole officer of Defendant Mowalola.

7.      Upon information and belief, Defendant Mowalola is a private limited company formed under the laws of England and does business in London, England.  Upon information and belief, Defendant Mowalola is in the business of designing, manufacturing, offering for sale, and selling, among other things, clothing, footwear, tote bags, cell phone cases, and accessories.

## FACTS

A.      Plaintiff and Its EBONY Mark

8.      Plaintiff is a global media and entertainment company dedicated to news, culture, fashion, media, entertainment, and lifestyle that matter and contribute to American culture and history, and in particular Black culture and history.

9.      Plaintiff is the current owner of the iconic EBONY mark and brand which has been in use since 1945 when *EBONY Magazine* was founded by Johnson Publishing Company, and still represents one of the most relevant and recognizable brands in America.

10.     Use of the EBONY mark and brand extends beyond magazines and publications to include a wide range of other goods and services such as apparel and accessories, including hoodies, t-shirts, and tote bags. Plaintiff's offerings also include community events, among them events honoring influential African-Americans (e.g., EBONY POWER 100) and empowerment events (e.g., EBONY WOMEN UP).

11.     Plaintiff is the owner of 12 valid and subsisting United States federal trademark and/or service mark registrations for marks that consist of or contain the word "EBONY", including those summarized in the table below (collectively, the "EBONY Mark"):

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES DESCRIPTION SUMMARY |
|---|---|---|---|
| EBONY | 0423815 | 9/10/46 | Periodical publication |
| | 3180225 | 12/5/06 | Printed publications |
| EBONY | 5865714 | 9/24/19 | Streaming of audio and video; video broadcasting |
| EBONY | 1179532 | 11/24/81 | Entertainment services |
| EBONY | 1536329 | 4/25/89 | Books and magazines |
| EBONY | 7882888 | 8/5/25 | Providing online non-downloadable magazines |
| EBONY | 8005735 | 10/28/25 | Streaming of audio, visual and audiovisual material via a global computer network |
| EBONY POWER 100 | 8196383 | 3/31/26 | Annual printed publication; entertainment services |
| EBONY TV | 8061427 | 12/9/25 | Streaming of audio, visual and audiovisual material via a global computer network |
| EBONY WOMEN UP | 7674599 | 2/4/25 | Entertainment and educational services |
| EBONYLIVE | 5860319 | 9/17/19 | Streaming of audio and video tethered downloads; streaming of audio, visual and audiovisual material via a global computer network |
| EBONYLIVE | 5860332 | 9/17/19 | Film and video film production |

Attached as **Exhibit 1** are true and correct copies of the registration certificates, and current printouts from the United States Patent and Trademark Office's "Trademark Status & Document Retrieval" database evidencing the current status and title, for the EBONY Mark.

4

12.     Plaintiff, itself or through its predecessors in interest, has used the EBONY Mark in commerce throughout the United States since 1945 in connection with the distribution, provision, offering for sale, sale, marketing, advertising, and promotion of its goods and services. Attached hereto as **Exhibit 2** are representative samples showing Plaintiff's use of the EBONY Mark.

13.     As a result of the widespread and exclusive use of the EBONY Mark to identify its goods and services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the EBONY Mark.

14.     Plaintiff's EBONY Mark is distinctive to both the consuming public and Plaintiff's trade.

15.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the EBONY Mark.

16.     Plaintiff sells its goods and services under the EBONY Mark through its website and online retail store, among other places.

17.     As a result of Plaintiff's expenditures and efforts, the EBONY Mark has come to signify the high quality of the goods and services designated by the EBONY Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.     Defendants' Unlawful Activities

18.     Upon information and belief, Defendant Mowalola is engaged in the design, manufacturing, distribution, and sale of clothing, footwear, tote bags, cell phone cases, and other accessories.

19.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its EBONY Mark, Defendants adopted and began using a mark identical to, confusingly similar to, or a colorable imitation of Plaintiff's EBONY Mark ("Infringing Mark") in U.S. commerce.

5

20.    Upon information and belief, Defendant Ogunlesi is the only owner of Defendant Mowalola, and personally makes all business decisions, including designing and selecting the Infringing Mark and authorizing and approving the infringing acts resulting from Defendant Mowalola's use of the Infringing Mark.

21.    Defendants promote, market, advertise, offer for sale, and sell its goods containing the Infringing Mark online and through social media, including in particular to consumers in the Black community.

22.    Upon information and belief, Defendants have been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of clothing and accessories using the Infringing Mark throughout the United States. Attached hereto as **Exhibit 3** are true and correct representative samples showing Defendants' use of the Infringing Mark.

23.    The Infringing Mark adopted and used by Defendants is identical, a colorable imitation of, and/or confusingly similar, to Plaintiff's EBONY Mark.

24.    The Defendants' Infringing Mark and the EBONY Mark are displayed below for comparison:

| DEFENDANTS' INFRINGING MARK | PLAINTIFF'S EBONY MARK |
|---|---|
| | |

| DEFENDANTS' INFRINGING MARK | PLAINTIFF'S EBONY MARK |
|---|---|
|  | |

25.     Upon information and belief, Defendants purposefully copied Plaintiff's EBONY Mark and intended to create confusion to promote their own goods by implying a connection to Plaintiff's business.

26.     On June 5, 2025, Plaintiff's counsel sent a cease-and-desist letter to Defendants objecting to Defendants' use of the Infringing Mark. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendant.

27.     Although Defendants' representative initially responded and engaged in further correspondence with Plaintiff's counsel, Defendants have since gone quiet and Plaintiff, after reasonable inquiry, has no evidence that Defendants have complied with the demands set out in Plaintiff's counsel's cease and desist letter.

28.     Indeed, the supermodel, Anok Yai, participated in a widely distributed video of her preparing for her attendance at the May 4, 2026 Met Gala – a well-known fashion event – and in that video was, upon information and belief, wearing clothing bearing the mark EBONY that was designed, manufactured, and/or sold by the Defendants.

29.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the public as to the source or origin of the Defendants'

goods and have and are likely to deceive the relevant public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise sponsored, endorsed, or authorized by Plaintiff.

30.    Upon information and belief, Defendants' acts are willful with the deliberate intent to copy Plaintiff's EBONY Mark for the purpose of trading on the goodwill and reputation of Plaintiff, to cause confusion and deception in the marketplace, and to divert potential sales of Plaintiff's to the Defendants.

31.    Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal Trademark Infringement)

32.    Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33.    Defendants are using the Plaintiff's EBONY Mark without Plaintiff's authorization.

34.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35.    Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the EBONY Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

36.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

37.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

40.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

41.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

42.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (Unfair Competition, Kentucky Common Law)

45.    Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46.    Defendants have unfairly profited by using in the United States, including the Commonwealth of Kentucky, Plaintiff's EBONY Mark in such a way that exploits Plaintiff's goodwill.

47.    By using Plaintiff's EBONY Mark, Defendants have unfairly taken Plaintiff's business and impaired Plaintiff's goodwill.

48.    Defendants' unauthorized use of the EBONY Mark has caused, and will likely continue to cause, confusion in the United States, including in the Commonwealth of Kentucky.

49.    Defendants' unauthorized use of the EBONY Mark constitutes false designation of origin, false or misleading description of fact, and false or misleading representation of fact, and has caused and is likely to continue to cause confusion, mistake, and deception as to the origin, source, sponsorship, or affiliation of Defendants' goods with Plaintiff.

50.    Defendants have committed unfair competition under the common law of Kentucky.

51.    Upon information and belief, Defendants' acts as alleged herein are intentional and willful violations of Plaintiff's rights.

52.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53.    Plaintiff is entitled to, among other relief, injunctive relief, actual damages, Defendants' profits, punitive and exemplary damages under Ky. Rev. Stat. 411.184(2), reasonable attorneys' fees, and costs of the action.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.    That Defendants have committed unfair competition under the common law of Kentucky by selling products bearing the Infringing Marks.

3.    That Defendants' conduct was intentional, willful, and in flagrant disregard for Plaintiff's rights.

4.    Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote Defendants' goods bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's EBONY Mark;

11

b.      engaging in any activity that infringes Plaintiff's rights in its EBONY mark;

c.      engaging in any activity constituting unfair competition with Plaintiff;

d.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e.      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiff's EBONY Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services.

6.      Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's EBONY Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's EBONY Mark, and to immediately remove them from public access and view.

7.      Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's EBONY Mark.

8.      Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's EBONY Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.      Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's EBONY Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.     Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.     Awarding Plaintiff damages and/or Defendants' profits, punitive and exemplary damages, and reasonable attorneys' fees and costs in accordance with the common law of Kentucky.

14.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

15.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

16.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

17.     That Defendants are jointly and severally liable.

18.     A jury trial on all issues so triable.

19.     Awarding such other and further relief as the Court deems just and proper.

Dated: May 27, 2026

Respectfully submitted,

*s/ Robert J. Theuerkauf*

Robert J. Theuerkauf
Jason H. Raff
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
(502) 677-4729
rjt@grayice.com
jraff@grayice.com
*Counsel for Plaintiff*